Blake T. Denton
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1239
Facsimile: (212) 751-4864
Email: Blake.Denton@lw.com

*Attorney for Plaintiffs*
*Guy A. Shaked Investments Ltd*
*and DAFNI Hair Products, Ltd.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS, LTD. and DAFNI HAIR PRODUCTS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ONTEL PRODUCTS CORPORATION, <br><br> Defendant. | No. 1:20-cv-09901-RMB-EAP <br><br> Hon. Renée Marie Bumb <br> Hon. Elizabeth A. Pascal <br><br> Motion Day: September 6, 2022 <br><br> Oral Argument Requested Pursuant to L.R. 78.1 |

# PLAINTIFFS' MOTION TO STRIKE THE PARTIES' JOINT STIPULATION AND VACATE THE COURT'S AUGUST 10, 2021 ORDER

# TABLE OF CONTENTS

                                                                  **Page**

I.     INTRODUCTION ................................................................................................1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................2

III.   LEGAL ARGUMENT ........................................................................................5

IV.   CONCLUSION....................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Gallant v. Telebrands Corp.*,
   35 F. Supp. 2d 378 (D.N.J. 1998) ........................................................................... 6

*State Nat'l Ins. Co. v. Cnty. of Camden*,
   824 F.3d 399 (3d Cir. 2016) .................................................................................... 6

## RULES

FED. R. CIV. P.
   15 ......................................................................................................................... 3, 4
   41(a) ......................................................................................................................... 3
   54(b) ........................................................................................................................ 6

## TREATISES

Wright & Miller, Federal Practice and Procedure § 2362 (3d ed. 2008) ................... 3

## I.      INTRODUCTION

Plaintiffs Guy A. Shaked Investments Ltd. and DAFNI Hair Products, Ltd. ("Plaintiffs" or "DAFNI"), move to (i) strike the Joint Stipulation entered between DAFNI and Ontel Products Corporation ("Ontel") on August 9, 2021 as invalid, and (ii) vacate this Court's August 10, 2021 Order dismissing Counts Three and Four of the Complaint.

Under the Joint Stipulation's express terms, DAFNI and Ontel agreed that DAFNI would dismiss Counts Three and Four of DAFNI's Complaint (which alleged infringement of two of the three asserted utility patents that were subject to *inter partes* review) if the Court lifted the stay of this litigation to allow DAFNI's claims of infringement of the remaining utility and design patents to proceed. Dkt. No. 105 at *3. Crucially, the parties explicitly agreed that the dismissal was "***conditioned on the stay remaining lifted***." *Id.*[1] ("For the avoidance of doubt, this dismissal with prejudice is conditioned on the stay remaining lifted."). But on October 22, 2021, less than three months after agreeing to the terms of the Joint Stipulation, Ontel moved to reinstate the stay. Dkt. No. 115. And on December 1, 2021, the Court granted Ontel's motion, thereby staying the case a second time.

Once the stay was reinstated, the Joint Stipulation was breached, and the agreement to dismiss Counts Three and Four was invalidated. As a result, this

---

[1] All emphasis added unless otherwise noted.

1

Court's Order of Dismissal, which was expressly "subject to the terms and conditions set forth in the set forth in the Parties' Joint Stipulation" – should be vacated. Dkt. No. 106. The Court's December 1, 2021 Order reinstating the stay acknowledged this very issue and noted that "to the extent Plaintiff's seek to have this Court vacate its earlier Order of dismissal Plaintiffs shall file a formal motion." Dkt. No. 126. Thus, DAFNI respectfully requests that this Court grant DAFNI's motion to vacate the Court's August 10, 2021 Order, strike the Joint Stipulation, and allow DAFNI to proceed on all four of the Counts set forth in its Complaint.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

DAFNI filed its Complaint in this case on December 16, 2019, asserting infringement of four patents: U.S. Patent No. 9,578,943 (the "'943 patent"); U.S. Patent No. 9,591,906 (the "'906 patent"); U.S. Patent No. 9,877,562 (the "'562 patent"); and U.S. Design Patent No. 817,007 (the "D'007 patent"). Ten months later, on October 5, 2020, Defendant Ontel Products Corporation ("Defendant" or "Ontel") moved to stay this case pending *Inter Partes* Review ("IPR") of the '906, '562, and '943 patents. Dkt. No. 65. On December 2, 2020, the parties stipulated to stay this action pending resolution of the IPRs. *See* Dkt. No. 84. On April 19, 2021, the PTAB granted institution of the '906 and '562 patent petitions.[2]

---

[2] The IPR proceedings concluded in April 2022, with the PTAB issuing Final Written Decisions confirming the validity of all claims of the '562 patent and multiple claims of the '906 patent.

2

Notably, however, the PTAB denied institution of the '943 patent petition. On May 12, 2021, DAFNI submitted a letter to the Court requesting an order lifting the litigation stay. Dkt. No. 90. In its letter, DAFNI agreed to dismiss the '906 and '562 patents from the case if the Court lifted the stay, thereby allowing the case to continue without delay on the remaining D'007 and '943 patents. *Id.* DAFNI's proposal sought to narrow the issues in this case and "allow for the expeditious resolution of Dafni's claims against Ontel." *See* Dkt. No. 90 at *2.

The Court agreed with DAFNI and lifted the stay on May 18, 2021, over Ontel's objection. Dkt. No. 92. Four days later, Ontel again asked this Court to stay this case, by filing a motion for reconsideration of the Court's May 18, 2021 order. Dkt. No. 93. This time, Ontel argued that its *ex parte* reexamination challenging the '943 patent justified staying this case. The Court denied Ontel's request. Dkt. No. 104.

In view of the Court's orders lifting the stay and denying Ontel's motion for reconsideration, the parties jointly filed a stipulation to dismiss the '906 and '562 patents from the case ("Joint Stipulation") under specific terms and conditions on August 9, 2021.[3] Dkt. No. 105. The Joint Stipulation expressly and unequivocally

---

[3] A joint stipulation of dismissal can only dismiss a case **in its entirety**; some but not all claims may be dismissed by amending the Complaint pursuant to Rule 15(a). *See* Wright & Miller, Federal Practice and Procedure § 2362 (3d ed. 2008) ("Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending

3

stated that DAFNI would not assert claims of patent infringement of the '906 and '562 Patents *only* if any future requests to stay the litigation were denied:

> DAFNI . . . hereby unconditionally and irrevocably **covenants not to assert patent infringement** (including direct infringement, contributory infringement, and inducing infringement), or make any other claims or demands, or prosecute any action in law or in equity, against Ontel . . . under any claim **of the '906 Patent and/or '562 Patent** based upon Ontel's previous or current or future making, using, manufacturing, development, marketing, licensing, distributing, importing, offering for sale, or selling of any of its product(s) or methods or business methods as they exist today or have existed in the past **so long as any motion to stay Ontel may file in the future based on its ex parte reexamination request of the '943 Patent or any other IPR petition or reexamination request Ontel or a third party files in the future to challenge the '943 Patent is denied**.

*Id*.

The following day, on August 10, 2021, the Court issued an Order effecting the parties' Joint Stipulation and agreement therein. Dkt. No. 106. Specifically, the Court's Order mirrored the parties' Proposed Order accompanying their Joint Stipulation. *Compare* Dkt. No. 106 ("The Court . . . hereby dismisses Counts Three and Four of Plaintiffs' Complaint with prejudice **subject to the terms and conditions** set forth in the Parties' Joint Stipulation."), *with* Dkt. No. 105-1 (parties' Proposed

---

his complaint pursuant to Rule 15."). As a result, the parties' Joint Stipulation cannot serve as a basis for this Court's Order of Dismissal. But even assuming Counts Three and Four could be dismissed by stipulation, this Court's Order of Dismissal should nonetheless be vacated in view of Ontel's breach of the stipulation's express terms.

4

Order stating dismissal is "***subject to the terms and conditions*** set forth in the Parties' Joint Stipulation").

On October 22, 2021, Ontel moved to reinstate the stay in view of the '943 Patent reexamination. Dkt. No. 115. DAFNI opposed, emphasizing "DAFNI's stipulation to withdraw the '906 and '562 patents from the case was conditioned on Ontel not seeking another stay and cause further delay in DAFNI's pursuit of its '943 patent infringement claims." Dkt. No. 124 ("If this case is stayed . . . the stipulation is null and void and DAFNI is free to assert both patents against Ontel."). Ontel nonetheless filed a reply in support of its motion to stay. Dkt. 125 at *10-11 (concluding the Court should "reinstate the stay of this action in view of the '943 EPR").

On December 1, 2021, this Court granted Ontel's request and reinstated the stay. Dkt. No. 126. In its decision, the Court further "ORDERED that, to the extent Plaintiffs seek to have this Court vacate its earlier Order of dismissal [Docket No. 106], Plaintiffs shall file a formal motion." *Id.*

### III. LEGAL ARGUMENT

This Court has the inherent authority to vacate its August 10, 2021 Order, which is not a final judgment because it did not resolve all claims in this case. The Federal Rules provide that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

parties does not end the action as to any of the claims or parties and ***may be revised at any time*** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Thus, an order dismissing some, but not all, claims is not "final" under Rule 54(b). *See, e.g., Gallant v. Telebrands Corp.*, 35 F. Supp. 2d 378, 394-395 (D.N.J. 1998) (granting Motion to Vacate partial summary judgment). Absent a final judgment, the Court's orders are interlocutory and subject to revision or vacation. *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("[T]he District Court has the inherent power to reconsider prior interlocutory orders.").

This Court should exercise its inherent authority to vacate its August 10, 2021 Order dismissing Counts Three and Four of the Complaint because Ontel's breach of the Joint Stipulation's express terms render it invalid and consequently requires the Court to vacate its Order of Dismissal. DAFNI's stipulation to dismiss the '906 and '562 patents was expressly conditioned on Ontel not seeking another stay and causing further delay in DAFNI's pursuit of its '943 patent and design patent infringement claims. Dkt. No. 105; *see also* Dkt. No. 105-1 (Proposed Order). Indeed, having endured Ontel's numerous attempts to delay the case, DAFNI agreed to terms making it crystal clear that the Joint Stipulation was only enforceable "***so long as any motion to stay Ontel may file in the future*** based on its *ex parte* reexamination request of the '943 Patent or any other IPR petition or reexamination

6

request Ontel or a third party files in the future to challenge the '943 Patent *is denied*." Dkt. No. 105 at *3. The Court's August 10, 2021 Order only dismissed the '906 and '562 patents "***subject to*** the terms and conditions set forth in the Parties' Joint Stipulation," by which Ontel agreed to abide. *See* Dkt. No. 106. Under those "terms and conditions," the stipulated dismissal of the '906 and '562 patents was conditioned on the stay remaining lifting. Reinstating the stay at Ontel's request invalidated the stipulation.

Ontel cannot dispute that it assumed the risk that predictably follows from breaking its agreement with DAFNI. If the four corners of the Joint Stipulation were not enough to put Ontel on notice, DAFNI's brief in opposition to Ontel's motion to reinstate the stay reminded "[i]f this case is stayed . . . the stipulation is null and void and DAFNI is free to assert both patents against Ontel." Dkt. No. 124. Unconcerned with the consequences of its gambit, Ontel proceeded to file its reply, again urging this Court to reinstate the stay. Dkt. 125. In any event, under the clear "terms and conditions" of the parties' agreement, this Court's Order of Dismissal must be vacated, and DAFNI must be allowed to pursue all of the Counts pled in its Complaint.

## IV.  CONCLUSION

For the foregoing reasons, DAFNI respectfully requests that this Court grant DAFNI's Motion to strike the parties' Joint Stipulation (Dkt. No. 105) as invalid,

7

vacate this Court's August 10, 2021 Order dismissing Counts Three and Four of the Complaint (Dkt. No. 106), and reinstate Counts Three and Four of the Complaint.

DATED: August 8, 2022

Respectfully Submitted,

/s/ Blake Denton

Blake T. Denton
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1239
Blake.Denton@lw.com

Michael A. Morin (*pro hac vice*)
Kevin C. Wheeler (*pro hac vice*)
LATHAM & WATKINS, LLP
555 11th St., NW, #1000
Washington, DC 20004
Tel: (202) 637-2200
michael.morin@lw.com
kevin.wheeler@lw.com

Ann Marie Wahls (*pro hac vice*)
LATHAM & WATKINS, LLP
330 N. Wabash Ave.
Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
annmarie.wahls@lw.com

*Attorneys for Plaintiffs Guy A. Shaked Investments, Ltd. and DAFNI Hair Products, Ltd.*

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 8, 2022, I electronically filed the attached Plaintiff's Motion to Strike the Parties' Joint Stipulation and Vacate Court's August 10, 2021 Order and [Proposed] Order thereon, by using the Court's CM/ECF system, and accordingly served all parties who receive notice of the filing via the Court's CM/ECF system.

*/s/ Blake Denton*
Blake T. Denton
