[Docket Nos. 137, 146]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS, LTD., *et al.*,<br><br>       Plaintiffs,<br><br>    v.<br><br>ONTEL PRODUCTS CORPORATION,<br><br>       Defendant. | Civil No. 20-cv-9901 (RMB/EAP)<br><br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, United States District Judge**

      **THIS MATTER** comes before the Court upon a Motion to Strike the Parties' Joint Stipulation and Vacate the Court's August 10, 2021 Order filed on August 8, 2022 by Plaintiffs Guy A. Shaked Investments, Ltd. and Dafni Hair Products, Ltd. (collectively, "**Dafni**"). [Docket No. 137 ("**Motion to Strike**").] Defendant Ontel Products Corporation ("**Ontel**") filed a Brief in Opposition on August 23, 2022. [Docket No. 138.] Dafni filed a letter with a corrected Motion to Strike [Docket No. 141-1] and a Reply Brief [Docket No. 142] on August 30, 2022. The following week, the parties submitted additional papers, including Ontel's pending Motion for Leave to File a Sur-Reply Brief [Docket No. 146 ("**Motion for Sur-Reply**")] and Dafni's Brief in Opposition thereto [Docket No. 147]. These motions being fully briefed, they are ripe for disposition.

A review of the parties' submissions and the entirety of the case docket presents some troubling facts. On May 12, 2021, Dafni moved to lift the Court's stay of this action. [Docket No. 90.] Previously, on December 2, 2020, the parties had stipulated to stay this matter pending *inter partes* review ("**IPR**") of the three utility patents at issue: U.S. Patent No. 9,578,943 (the "**'943 Patent**"); U.S. Patent No. 9,591,906 (the "**'906 Patent**"); and U.S. Patent No. 9,877,562 (the "**'562 Patent**"). When the Patent Trial and Appeal Board ("**PTAB**") instituted IPR of the '906 Patent and '562 Patent but declined IPR of the '943 Patent, Dafni sought to amend its complaint and dismiss Counts Three (as to the '906 Patent) and Four (as to the '562 Patent). [Docket No. 90, at 1.] Specifically, Dafni represented the following to the Court:

> Dafni believes it will ultimately prevail before the PTAB on the '906 and '562 patents. Nevertheless, because a final determination of the instituted IPRs will take at least one year (two years or more if either party appeals the PTAB's decision) and will significantly delay the district court litigation, Dafni believes that it is in the best interests of the parties and this Court to lift the stay and proceed on Dafni's claims of infringement of the asserted design patent[1] and the '943 patent. ***Upon lifting the stay, Dafni will <u>immediately</u> amend its complaint to dismiss the '906 and '562 patents <u>with prejudice</u> from this litigation***, rendering the PTAB proceedings irrelevant to this case.
>
> . . . Dafni originally stipulated to the stay because the validity of three of the four asserted patents was at issue before the PTAB. ***But if the Court lifts the stay, Dafni <u>will dismiss</u> the '906 and '562 patents <u>with prejudice</u>***, leaving only Dafni's claims regarding the '943 patent . . . and Dafni's design patent at issue here. As a result, there will be ***zero overlap*** between the district court and the PTAB.

---

[1] That is, U.S. Design Patent No. 817,007.

[*Id.* at 1–2 (first and second emphasis added).] The Court also credits the statements referenced in Ontel's Brief in Opposition supporting the same propositions but does not reproduce them here. [*See* Docket No. 138, at 5, 12 (quoting Dafni's statements exchanged via e-mail).] Relying on the foregoing representations, the Court entered an Order a few days later, over Ontel's objection [*see* Docket No. 91], granting Dafni's request and lifting the stay in this matter. [Docket No. 92 ("**May 2021 Order**").]

But Dafni never filed an amended complaint, as it had promised to do. For some unexplained (indeed, perplexing) reason, Dafni thereafter presented the Court with a Joint Stipulation of Dismissal as to Counts Three and Four of Plaintiffs' Complaint, [Docket No. 105 (the "**Joint Stipulation**")], and the Court—never suspecting litigation mischief—ultimately entered the proposed order and dismissed such counts subject to the terms and conditions set forth in the Joint Stipulation, [Docket No. 106 (the "**August 2021 Order**")]. To be sure, it is unclear why Ontel would have agreed to the Joint Stipulation when Dafni had already represented to the Court that Dafni would dismiss Counts Three and Four with prejudice. But, in any case, notwithstanding Dafni's tack, the August 2021 Order approving the Joint Stipulation and dismissing Counts Three and Four ***did not*** vacate or otherwise alter this Court's May 2021 Order lifting the stay, which was based on the representations made to the Court, *i.e.*, that Dafni would immediately amend its complaint to dismiss Counts Three and Four with prejudice if the Court lifted the stay.

Now, Dafni asks the Court to strike the Joint Stipulation and vacate the August 2021 Order so Dafni can reassert its infringement claims based on the '906 Patent and '562 Patent. [*See* Docket Nos. 137, 141-1.] Dafni argues that Ontel breached the Joint Stipulation when the Court granted Ontel's request for a stay pending the conclusion of *ex parte* reexamination ("**EPR**") of the '943 Patent before the U.S. Patent and Trademark Office ("**USPTO**"). [*See* Docket No. 141-1, at 6–7 ("Reinstating the stay at Ontel's request invalidated the [Joint Stipulation].").] Thus, Dafni argues, the Court should vacate its August 2021 Order—Dafni "must be allowed to pursue all of the Counts pled in its Complaint."[2]

The Court does not agree.  First, the promises contained in the Joint Stipulation are not the only promises that matter.  The Court lifted the IPR-related stay of this action *in reliance on* Dafni's representation that it would file an amended complaint to dismiss Counts Three and Four. [*See* Docket No. 90, at 1–2.]  Indeed, the Court agreed with Dafni's persuasive letter, ruled within days in its favor over Ontel's objection, and granted the relief requested.  The Court expected Dafni to follow through on its representations.  Dafni failed to do so.

---

[2] The Court does not hesitate to observe that Dafni's request comes following the conclusion of EPR proceedings of the '943 Patent before the USPTO, a result, Ontel contends, that leaves Dafni's remaining infringement claims in doubt. [*See* Docket No. 138, at 17–18; *see also* Docket No. 148.]

4

Second, Dafni seeks to reassert Counts Three and Four well over a year after they were dismissed from this action with prejudice[3] pursuant to the Joint Stipulation and August 2021 Order.  To permit Dafni to proceed on its previously dismissed claims would further delay this matter and prejudice Ontel.  The parties would be required to undertake additional fact discovery, contention exchanges, and motion practice with respect to the '906 Patent and '562 Patent.  The Court will not burden Ontel under the circumstances, especially as this case has progressed for over a year focused principally on the '943 Patent.

Third, the Court can quickly dispose of Dafni's only discernable legal argument.  Remarkably, Dafni suggests in a footnote that the Joint Stipulation that it submitted to the Court was ineffective in serving as the basis for the August 2021 Order dismissing Counts Three and Four because it dismissed some, but not all, of the claims in this matter, and Counts Three and Four should be reintroduced therefor.  [*See* Docket No. 141-1, at 4 n.3 (discussing Fed. R. Civ. P. 15(a) and 41(a)).]  Ontel disagrees with Dafni's view.  [*See* Docket No. 138, at 14–15.]  Though a surprising position to say the least, the Court need not reach a conclusion on this issue: Dafni expressly committed to this Court that it would file an amended complaint, the Court approved and lifted its stay of this matter, but an amended

---

[3] The Court questions how parties can agree to a dismissal *with prejudice* by stipulation only to reverse course later and argue that such dismissal—ostensibly unjustified because of one party's breach of the stipulation—was instead *without prejudice*.

complaint was never filed. [*Compare* Docket No. 90, *with* Docket No. 92, *and* Docket.]

Like Judge Birotte in *Guy A. Shaked Invs., Ltd. v. Trade Box, LLC*, No. 2:19-cv-10593, Docket No. 94 (C.D. Cal. Sept. 29, 2022), this Court, too, can read between the lines. [*See also* Docket No. 152-1.] Dafni wants to have it both ways. Though Dafni may have "gotten one over" on the Court initially, it is now time to deliver on its representations and file an amended complaint without Counts Three and Four.

**THEREFORE**, for the foregoing reasons, it is, on this **5th** day of **October 2022**, hereby:

**ORDERED** that Dafni's Motion to Strike [Docket No. 137] is **DENIED**; and it is further

**ORDERED** that Dafni file an amended complaint in this matter no later than **Friday**, **October 14**, **2022**; and it is further

**ORDERED** that Ontel's Motion to File Sur-Reply [Docket No. 146] is **DENIED** as moot; and it is further

**ORDERED** that Ontel may proceed with filing its proposed motion if it chooses to do so, as the Court does not believe that a pre-motion conference would be productive at this time. [*See* Docket No. 148.]

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge