# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Guy A. Shaked Investments, Ltd., et al.<br>Plaintiffs,<br><br>v.<br><br>Ontel Products Corporation,<br>Defendant. | Case No.: 1:20-cv-09901-RMB-AMD<br><br>Hon. Renée Marie Bumb<br>Hon. Elizabeth A. Pascal<br><br>Motion Day: November 21, 2022<br><br>Oral Argument Requested Pursuant to<br>L.R. 78.1 |

# DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFFS' FIRST <u>AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

I.    INTRODUCTION ...........................................................................................1

II.   RELEVANT FACTUAL BACKGROUND ...................................................2

  A.    This Court Orders Dafni to File an Amended Complaint Without

  Counts Three and Four of the Original Complaint.........................................2

  B.    Dafni Amends its Complaint, Secretly Adding New Infringement

  Theories without Prior Leave From this Court or Notice to Ontel. ...............4

III.  ARGUMENT.................................................................................................5

  A.    Legal Standard....................................................................................5

  B.    Dafni's Newly Added Induced Infringement Allegations Violate Fed.

  R. Civ. P. 15 and Exceeds the Scope of Leave Granted in the Court's

  Order. ..............................................................................................................6

IV.   CONCLUSION..............................................................................................9

# <u>TABLE OF AUTHORITIES</u>

## <u>Federal Cases</u>

*Dover Steel Co., Inc. v. Hartford Acc. and Indem. Co.,* 151 F.R.D. 570
    (E.D.Pa.1993) ................................................................................5

*Index Fund, Inc. v. Hagopian,* 107 F.R.D. 95, 97–98 (S.D.N.Y.1985) ....................6

*McKeever v. Israel,* 476 F.Supp. 1370, 1374 (E.D.Wis.1979) .................................6

*U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154
    (D.N.J. 2007) ............................................................................. 5, 7, 8

## <u>Federal Statutes</u>

Fed. R. Civ. P. 15 ..................................................................................6, 8

Fed. R. Civ. P. 12(f) ................................................................................5

# I.    <u>INTRODUCTION</u>

On October 5, 2022, this Court ordered Plaintiffs Guy A. Shaked Investments Ltd and Dafni Hair Products, Ltd. (collectively, "Dafni" or "Plaintiffs") to "deliver on its representations and file an amended complaint without Counts Three and Four" of its initial complaint. ("Order", Dkt. No. 153, p. 6). Dafni complied with the Court's Order by filing its First Amended Complaint ("FAC") on October 14, 2022 dismissing its infringement claims of U.S. Patent Nos. 9,591,906 (the "'909 Patent") and 9,877,562 (the "'562 Patent"). However, in an inconspicuous manner, Dafni also added a new infringement theory—induced infringement, 35 U.S.C. §271(b)—to the FAC that was not alleged in the original complaint. This additional amendment exceeds the scope of the Court's Order requesting Dafni simply dismiss the '906 and '562 Patents with prejudice. Adding more insult to injury, Dafni didn't bother to request leave from this Court, or otherwise confer with Ontel, to add its new induced infringement theory, a clear violation of Federal Rule of Civil Procedure 15. Indeed, any such request for leave to include Dafni's new induced infringement theory would have surely been denied given the extreme delay and resulting prejudice in Dafni's amendment. This Court, therefore, should strike Dafni's new induced infringement theory as exceeding its Order and violating Fed. R. Civ. P. 15.

## II.    RELEVANT FACTUAL BACKGROUND

### A. This Court Orders Dafni to File an Amended Complaint Without Counts Three and Four of the Original Complaint.

This case initially involved three utility patents relating to heated hair-brushes: U.S. Patent No. 9,591,906 (the "'906 Patent"), U.S. Patent No. 9,578,943 (the "'943 Patent"), and U.S. Patent No. 9,877,562 (the "'562 Patent"). Dafni filed its original complaint ("Complaint") on December 16, 2019, alleging Ontel directly infringed the '906 Patent, '943 Patent, and '562 Patent under the specific provisions of 35 U.S.C. §271(a). (Dkt. No. 1, ¶¶ 47, 55, 63). Ontel thereafter filed petitions for *inter partes* review ("IPR") covering all of the asserted claims in the Complaint.[1] On December 2, 2020, the parties stipulated to stay these proceedings pending resolution of the IPRs, agreeing that such a stay would "conserve the Parties' and this Court's resources." (ECF No. 84). The Court then issued an order administratively terminating this action pending resolution of the IPRs. (ECF No. 85).

On April 13, 2021, the Patent Trial and Appeal Board ("PTAB") instituted IPR of the '906 and '562 Patents, and declined to institute IPR of the '943 Patent on a procedural basis. (Dkt. No. 90-1). Following this decision, Dafni submitted a letter to the Court requesting an order lifting the stay of this action on the grounds that

---

[1] While this case also involves a U.S. Design Patent, D817,007 (the "D'007 Patent"), the utility patents are the primary focus of Dafni's infringement allegations.

Dafni intended to dismiss its claims regarding the '906 and '562 Patents with prejudice, allowing this case to proceed solely on the '943 Patent and U.S. Design Patent D817,007 ("Design Patent"). (ECF No. 90). On August 9, 2021, Dafni dismissed the '906 and '562 Patent with prejudice via a joint stipulation submitted by the Parties. (Dkt. No. 105).

Dafni, however, later attempted to "un-do" its dismissal because of the Court's order staying this case in light of the *ex parte* review ("EPR") challenge of the '943 Patent. Specifically, Ontel filed an EPR petition on May 24, 2021, challenging the validity of the claims of the '943 Patent (the "'943 EPR"). On June 14, 2021, the USPTO granted Ontel's request and instituted the '943 EPR, finding that Ontel's submitted references raised a substantial new question of patentability as to the claims of the '943 Patent. As a result, this Court ordered a stay of this action in light of the '943 EPR. (Dkt. No. 126). Yet, despite Dafni's efforts to reinstate the '906 and '562 Patents into this action, the Court was able to "read between the lines" and ordered Dafni to file an amended complaint in conformity with its prior representations dismissing the '906 and '562 Patents with prejudice. ("Order", Dkt. No. 153)[2]. The Court's Order to amend was specifically limited to the dismissal of

---

[2] This Court also recognized the "strategic" timing of Dafni's request to reinstate the '906 and '562 Patents "comes following the conclusion of EPR proceedings of the '943 Patent before the USPTO, a result, Ontel contends, that leaves Dafni's remaining infringement claims in doubt." (Dkt. No. 153, fn. 2).

the '906 and '562 Patents, and did not consider or contemplate the addition of new

infringement theories nearly three years after this action was filed.

**B. Dafni Amends its Complaint, Secretly Adding New Infringement Theories without Prior Leave From this Court or Notice to Ontel.**

On October 14, 2022, Dafni filed its FAC dismissing its infringement claims

of the '906 and '562 Patents. While not so obvious at first glance, Ontel also added

a new induced infringement theory based on 35 U.S.C. §271(b) to Paragraphs 46

and 47 of the FAC[3]:

> 46. Ontel has infringed at least claims 1-4, 6, 8-19, 22-33, 38-39, 41-43, 46-47, 49-50, 54-60, 62-68, 73-74, 76-78, 81-82, 84-85, and 89-91 of the '943 Patent, pursuant to 35 U.S.C. §§ 271(a) <u>and (b)</u> by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the SIMPLY STRAIGHT brush. Upon information and belief, Ontel's infringement is ongoing.
>
> <u>47. On information and belief, Ontel actively, knowingly, and intentionally induced and/or induces infringement of one or more claims of the '943 patent under 35 U.S.C. § 271(b) by actively encouraging others to import into the United States, and/or make, use, sell, and/or offer to sell in the United States, the SIMPLY STRAIGHT brush. Upon information and belief, Ontel's infringement is ongoing.</u>

(Dkt. No. 154, ¶¶ 46, 47). Dafni's Complaint only alleged direct infringement under

35 U.S.C. §271(a). (Dkt. No. 1, ¶¶ 47, 55, 63). Indeed, there is absolutely no

reference to the statutory citation for induced infringement, Section 271(b) in the

---

[3] The added text depicting the new induced infringement theory differing from the Complaint is underlined for the Court's reference.

entire Complaint. Moreover, the infringement-related allegations of the Complaint are devoid of any variation of the word "induce." Additionally, Dafni did not include any additional allegations in the FAC to further support its new induced infringement theory.

Despite the fact that this case was filed nearly three years ago, Dafni failed to seek leave from this Court to add its new induced infringement theory. Moreover, Dafni failed to confer with Ontel regarding this amendment. Dafni's actions are a clear violation of the Fed. R. Civ. P. 15, and exceeds the scope of the Court's Order which required Dafni only amend its Complaint to dismiss Counts Three and Four.

### III.    ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* While motions to strike are generally discovered, courts in this circuit have held that failing to seek required leave of court when adding new allegations is grounds for striking that allegation. *See e.g., U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007)(striking new allegations that exceeded court's order to amend where plaintiff failed to seek leave of court to add new allegations); *Dover Steel Co., Inc. v. Hartford Acc. and Indem. Co.,* 151 F.R.D. 570 (E.D.Pa.1993)(deeming plaintiff's amended filing in violation

of Rules 15(a) and 11, and awarding sanctions against plaintiff's attorney); *Index Fund, Inc. v. Hagopian,* 107 F.R.D. 95, 97–98 (S.D.N.Y.1985)(concluding that under Rule 15(a) plaintiff's claim for punitive damages raised in its amended complaint would be stricken where plaintiff failed to first obtain leave of court); *McKeever v. Israel,* 476 F.Supp. 1370, 1374 (E.D.Wis.1979)(pursuant to Rule 12(f), striking portions of plaintiff's amended complaint that exceeded scope of leave plaintiff was given).

### B. Dafni's Newly Added Induced Infringement Allegations Violate Fed. R. Civ. P. 15 and Exceeds the Scope of Leave Granted in the Court's Order.

Here, Dafni's newly added induced infringement theory violates Fed. R. Civ. P. 15 and exceeds the scope of the leave granted in the Court's Order. Fed. R. Civ. P. 15(a) provides that "a party may amend its pleadings as a matter of course within 21 days after serving it, or […] 21 days after service of a responsive pleading…" *Id.* It is undisputed that the 21 day deadline set forth in Fed. R. Civ. P. 15(a) has passed.[4] As such, "[i]n all other cases, a party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

---

[4] Ontel's first responsive pleading was a Motion to Dismiss or Transfer filed on February 18, 2020 (Dkt. No. 21). After Ontel's motion was granted and this case was transferred to this Court, Ontel filed its answer to Dafni's Complaint on September 9, 2020 (Dkt. No. 51).

Dafni did not obtain Ontel's written consent to amend its Complaint to include new infringement theories, nor did Dafni obtain leave from this Court to do so. While this Court did grant Dafni leave to amend its Complaint in its Order, the scope of this leave was limited specifically fulfill Dafni's previous promise of dismissing the '906 and '562 Patents with prejudice. (Dkt. No. 153). Dafni's amendment, therefore, exceeded the scope of the Court's Order, similar to the plaintiffs in *U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149 (D.N.J. 2007).

In U.F.C.W., the court granted the plaintiffs' motion to amend it complaint to add an additional party to the case. *Id.* at 151-152. The plaintiffs, however, amended its complaint to include not only the additional party as granted by the court, but also asserted against this party under new legal theories that were not previously asserted in the prior complaint. *Id.* at 152. The plaintiff argued that its amendment was permissible, claiming that the court's order did not "expressly limit the manner in which Plaintiffs could amend the complaints." *Id.* The court rejected this argument, however, finding that plaintiffs added "completely new theories in claims […] which were not contemplated […] by Judge Donio's Order." *Id.* at 153. The court further criticized the plaintiffs' position, calling it "far-fetched for Plaintiffs to argue that the Order permitting the amendment should be construed as permitting any or all amendments that later come to mind." *Id.* The court further noted that it was "unfathomable" to claim that the "general order permitting the amended could

7

somehow include" claims that Plaintiffs never sought to amend and add. *Id.* The same is true here. Dafni never sought to amend and add new infringement liability theories to its Complaint. As such, it is equally "unfathomable" to claim that this Court's Order permitted Dafni to amend and include these new theories. *Id.*

While motions to strike are "'generally viewed with disfavor, […] use of Rule 12(f) is appropriate here because to hold otherwise would be to essentially ignore Fed.R.Civ.P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint." *Id.* at 154. The same is true here. As the Court in U.F.C.W. recognized, Ontel "must have an opportunity to argue that Plaintiffs' proposed amendments (1) would prejudice Defendants and (2) would be futile" under Fed. R. Civ. P. 15. *Id.* (internal citations omitted). Allowing Dafni's new induced infringement theory to remain "would deprive [Ontel] of this opportunity and allow Plaintiffs to circumvent the limitations" set by this Court in its Order. *Id.* at 154-55. As such, Dafni's new induced infringement theory allegations should be stricken in its entirety[5]. *Id.* at 155.

---

[5] The specific allegations to be struck include the entirety of Paragraph 47 and portions of Paragraph 46 as underlined Section II.B. of this Brief.

## IV.    <u>CONCLUSION</u>

WHEREFORE, for the reasons as stated herein, Ontel respectfully requests that this Court grant its Motion and strike the allegations contained in Paragraphs 46 and 47 of the First Amended Complaint as set forth in the accompanying Proposed Order.

Respectfully submitted,

Date:  October 28, 2022                    By:  /s/ *Peter E. Doyle*_____
DICKINSON WRIGHT PLLC
Peter E. Doyle, Bar No. 31642012
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084
Tel: (248) 205-5978
Fax: (844) 670-6009
PDoyle@dickinsonwright.com

John S. Artz (*pro hac vice*)
JSArtz@dickinsonwright.com
350 S. Main Street, Suite 300
Ann Arbor, MI 48107
Tel: (734) 623-7075
Fax: (844) 670-6009

Steven A. Caloiaro (*pro hac vice*)
SCaloiaro@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel: (775) 343-7500
Fax: (844) 670-6009

*Attorneys for Defendant*