Maureen T. Coghlan
**ARCHER & GREINER P.C.**
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856) 354-3034
mcoghlan@archerlaw.com

*Attorney for Plaintiffs*
*Guy A. Shaked Investments Ltd*
*and DAFNI Hair Products, Ltd.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS, LTD., et al.<br><br>Plaintiffs,<br><br>v.<br><br>ONTEL PRODUCTS CORPORATION,<br><br>Defendant. | Case No.: 1:20-cv-09901-RMB-EAP<br><br>Hon. Renée Marie Bumb, C.U.S.D.J.<br>Hon. Elizabeth A. Pascal, U.S.M.J.<br><br>**JOINT STATUS REPORT – FILED UNDER SEAL** |

## JOINT STATUS REPORT

Plaintiffs Guy A. Shaked Investments Ltd. and Dafni Hair Products, Ltd. (collectively "Plaintiffs" or "Dafni") and Defendant Ontel Products Corporation ("Ontel" or "Defendant") submit the following joint status report, pursuant to the Court's instructions during the parties' *Markman* hearing on October 12, 2023. Dafni took the deposition of Ontel's witness per the Court's order on November 21, 2023. Since then, the parties have been negotiating the joint status report to file with the Court with some areas of agreement and some of disagreement as to the facts

and allegations in this case. The parties submit the following report in an effort to apprise the Court of their positions and requests.

## I.     DEPOSITION OF ONTEL'S FINANCE DIRECTOR

On November 21, 2023, Plaintiffs deposed Ms. Angi Keung, Ontel's Finance Director, pursuant to Federal Rule of Evidence 408 as ordered by the Court. During the deposition, Ms. Keung confirmed that Ontel has not sold any of the accused products at issue in this litigation since November 2021 and also confirmed that Ontel had no inventory of the accused products since November 2021.

Ms. Keung answered questions regarding Ontel's Amazon presence and storefront but did not have personal knowledge of third-party Amazon listings (*i.e.*, by a seller other than Ontel) that appear to sell the accused products and/or include a link to Ontel's Amazon store. According to Ontel, because such storefronts are not affiliated or controlled by Ontel, no Ontel employee has such knowledge. In an effort to resolve any remaining issues relating to Ontel's actual Amazon presence, Ontel's counsel offered to have Ontel's General Counsel, Ms. Caroline Kinsey, after the deposition further explain the operation of Ontel's Amazon storefront and related issues to informally answer any questions Dafni might have. Dafni declined to take Ontel up on its offer at that time. According to Dafni, because discovery has been stayed, Dafni has not yet contacted Ontel for additional information from Ontel's general counsel, but Dafni reserves its rights to seek discovery into those issues once

the Court allows the parties to resume discovery efforts. Ontel maintains that because Ms. Kinsey is Ontel's General Counsel, any formal discovery directed to her would raise privilege concerns.

## II.   REMAINING ISSUES

### Dafni's Statement:

Ontel's sales from January 2015 through November 2021 of the accused product remain at issue and are subject to damages based on Dafni's infringement claims of both the utility and design patents asserted in this litigation. Although Ontel has already ceased sales of the accused products and has no plans to resume any such sales, Dafni also has a claim for injunctive relief for any future sales of the accused products. As of the date of this filing, according to documents Ontel has produced in this litigation, Ontel has sold at least ▓▓▓▓ units of the accused products. Ontel's revenue on sales of the accused products was ▓▓▓▓, which resulted in an estimated net profit of ▓▓▓▓. Should the accused products be found to infringe the asserted patents, Dafni is entitled to damages for infringing sales.[1]

---

[1] As DAFNI has asserted in its contentions under 35 U.S.C. 154(d) "a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application . . makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States."

Contrary to Ontel's characterizations, Dafni continues to assert infringement of its utility patent (*i.e.*, U.S. Patent No. 9,578,943) against Ontel. As an initial matter, Ontel's Motion for Partial Summary Judgment (Docket No. 168) was only granted in part as to claims 1 and 15. (Docket No. 226). While Dafni's damages recovery as to claims 1 and 15 prior to the issuance of the reexamination certificate are precluded, Dafni can recover damages for (1) Ontel's conduct post-reexamination certificate for all of the asserted claims should Ontel resume its infringing activity and (2) Ontel's conduct pre-reexamination certificate for all of the asserted claims that were not substantively amended during the reexamination proceedings.

Lastly, as to Ontel's intent to seek leave to file another summary judgement motion, Dafni opposes such request. Invalidity contentions were due on November 30, 2022 (Docket No. 140). Contrary to the requirements of the local patent rules, Ontel failed to provide any invalidity contentions as to Dafni's asserted design patent (*i.e.*, U.S. Design Patent No. D817,007).[2] And while Ontel identified Dafni's Chinese Design Patent No. CN303072348S, it did so only with respect to its contentions against Dafni's utility patent U.S. Patent No. 9,578,943. Therefore, any

---

[2] Dafni disagrees that the Local Patent Rules do not apply to design patents as Ontel contends. In fact, Dafni served infringement contentions on Ontel for Dafni's asserted design patent.

motion for summary judgment against Dafni would be untimely, contrary to this Court's orders and local rules, and prejudicial.

**Ontel's Statement:**

Although the parties are now in agreement that Ontel ceased sales of the accused products months prior to the issuance of the '943 Patent's reexamination certificate, Dafni continues to allege it is entitled to damages for "(1) Ontel's conduct post-reexamination certificate for all of the asserted claims." There is no support for such an assertion because there is no factual basis to support any allegedly-infringing, post-reexamination activity. Accordingly, with respect to Dafni's asserted utility patent (*i.e.*, U.S. Patent No. 9,578,943) none of the substantively-amended or entirely new claims of the reexamined patent—which issued on July 8, 2022—remain at issue in view of the Court's June 30, 2023 Order (Docket No. 226) regarding Ontel's Motion for Partial Summary Judgment (Docket No. 168).

Furthermore, despite Dafni's contrary assertion above, only Ontel's accused product sales from the earliest date of issuance of the asserted patents (*i.e.*, February 2017) through November 2021—totaling approximately ▮▮▮▮▮▮ units—remain at issue with respect to Plaintiffs' utility and design patent infringement claims. Although Dafni posits that "*Ontel's sales **from January 2015 through November 2021** of the accused product remain at issue and are subject to damages*" (emphasis added), during the parties' February 2, 2024 meet and confer regarding this

5

submission, Dafni's counsel failed to articulate any basis for its assertion that *sales prior to the issuance of the asserted patents* (*i.e.*, January 2015 through January 2017) are "subject to damages."[3]

Additionally, once the Court allows other aspects of this case to move forward, Ontel intends to seek approval to submit an early summary judgment motion directed to invalidity of Dafni's asserted design patent (*i.e.*, U.S. Design Patent No. D817,007) in view of Dafni's own prior art design patent (*i.e.*, Chinese Design Patent No. CN303072348S). Such a motion will allow the Court and the parties to efficiently resolve another issue that is ripe for determination. Although Ontel disagrees with Dafni's suggestion that the local patent rules require invalidity contentions in connection with asserted design patents,[4] Dafni's allegation of prejudice is of no moment as Ontel outlined its specific invalidity position in December 2022 correspondence regarding this matter.

---

[3] While Dafni now cites 35 U.S.C. 154 for this proposition, Dafni fails to include the statute's express requirement that the patented invention be "substantially identical to the invention as claimed in the published patent application." 35 U.S.C. 154(d). This requirement is plainly <u>not</u> satisfied here, where all of the published claims of the pending patent application (*i.e.*, US2016/0100663) were substantively amended prior to their issuance as part of the original '943 Patent. Ontel also disagrees that the figures Dafni provides in its section above accurately reflect total revenue and/or net profit with respect to the at-issue sales of the accused products.

[4] Indeed, in its own infringement contentions provided in this case, Dafni has previously confirmed its understanding that "the Local Patent Rules of the District of New Jersey, [] apply to utility patents only. *See* L. Pat. R. 3.1."

### III. NEXT STEPS

**Dafni's Proposal:** Given the on-going war in Israel, the parties' principals have not been able to meet in person as the Court previously ordered. Dafni proposes that the parties hold a settlement conference via video conference within 45 days of the filing of this status report.

**Ontel's Proposal:** Given the apparent ongoing disagreement between the parties regarding the total sales at issue in this case and whether there is basis for Dafni to maintain any post-reexamination infringement assertion, Ontel is concerned that settlement discussions will be unproductive until the parties have clarity regarding these key facts. Ontel proposes that the parties hold a settlement conference via video conference within 45 days of the issuance of the Court's forthcoming *Markman* order.

Dated: February 8, 2024

Respectfully Submitted,

*/s/ Maureen T. Coghlan*

Maureen T. Coghlan
**ARCHER & GREINER P.C.**
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856) 354-3034
mcoghlan@archerlaw.com

Michael A. Morin (*pro hac vice*)
Kevin C. Wheeler (*pro hac vice*)
Cecilia Sanabria (*pro hac vice*)
LATHAM & WATKINS, LLP
555 11th St., NW, #1000
Washington, DC 20004
Tel: (202) 637-2200
cecilia.peniza@lw.com
michael.morin@lw.com
kevin.wheeler@lw.com

Joseph C. Akalski (*pro hac vice*)
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1239
joe.akalski@law.com

*Attorneys for Plaintiffs Guy A. Shaked Investments, Ltd. and DAFNI Hair Products, Ltd.*

DATED: February 8, 2024

/s/ Margot N. Wilensky
Margot N. Wilensky
CONNELL FOLEY
875 Third Avenue
21st Floor
New York, NY 10022
Tel: (212) 542-3790
mwilensky@connellfoley.com

Jonathon D. Nikkila
John S. Artz
Sharae' L. Williams
Dickinson Wright
350 S. Main Street
Suite 300
Ann Arbor, MI 48104
Tel: (734)623-7075
jnikkila@dickinson-wright.com
jsartz@dickinson-wright.com
swilliams@dickinson-wright.com

*Attorneys for Defendant Ontel Products Corporation*

228410921 v1