IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS, LTD, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ONTEL PRODUCTS CORPORATION,<br><br>　　　　Defendant. | Civil No. 20-9901 (RMB-EAP)<br><br>**MEMORANDUM OPINION AND ORDER** |

　　The Court, having reviewed the parties' submissions and having conducted a *Markman* hearing,

　　**IT IS**, on this **6th** day of **February 2025**, hereby **ORDERED** that the Court construes the disputed claims as follows:

1.　"a face / a face of the hairbrush" (claims 1, 4, 10, 15, 22–25, 27, 37–39, 49, 55, 57-60, 63-67, 72-74, 84, 90) requires no construction. *See Guy A. Shaked Invs. Ltd. v. Trade Box, LLC*, No. 2:19-cv-10593 AB (MAA), 2023 WL 8881499, at *4–5 (C.D. Cal. Apr. 5, 2023) (same). Defendant has not shown by clear and convincing evidence that "a face" / "a face of the hairbrush" is indefinite such that a person of ordinary skill in the art ("POSA"), could not discern its meaning. The specification demonstrates that the term has a broad scope which encompasses three-dimensional components that include surfaces. *See Phillips v.*

*AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (explaining that the "claims must be read in view of the specification, of which they are a part" and that "the specification is always highly relevant to the claim construction analysis" (citations and internal quotation marks omitted)). But "breadth is not indefiniteness." *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1367 (Fed. Cir. 2017) (citation and internal quotation marks omitted). Defendant's own experts also had little trouble identifying the bounds of the brush's "face." During the *inter partes* review proceedings, Defendant's expert did not argue that the hairbrush's "face" was indefinite. Indeed, he identified that "[t]he 'face' of the brush refers to that portion which is configured to treat the user's hair and may consist of 'a heat source connected to heating elements' that are dispersed on the brush face and define a heat treatment area." [*See* Docket No. 221-1, Decl. of Stephen D. O'Donohue in Support of Plaintiffs' Responsive Claim Construction Brief, Ex. 19 ¶ 36.]. The term is not indefinite.

2. "disposed around the heating plate" (claims 26, 33, 68) requires no construction. Defendants argue that their proposed construction is necessary to distinguish the term from claims reciting "peripheral spacers disposed at least around a portion of the hair treating area." But "[c]laims 26, 33, and 68 are dependent claims that disclose that the 'plurality of peripheral spacers is disposed around the heating plate,' which provides context of where the spacers are located. A POSA would understand that the spacers are around the outer edges of the heating plate, not the hair treating area." *Trade Box*, 2023 WL

   8881499, at *6. No construction is necessary and the term's plain and ordinary meaning applies;

3.  "the plurality of heating elements defining a hair treating area disposed on at least a part of the hairbrush's face at a specified density" (claim 1, 4, 10, 15, 22-25, 27, 37-39, 49, 55, 57-60, 63-67, 72-74, 84, 90) requires no construction. Defendant argues that "*a* specified density" means one, nonvariable density. But, as the *Trade Box* court explained, "[u]nless the claim is specific as to the number of elements, the article 'a' receives a singular interpretation only in rare circumstances when the patentee evinces a clear intent to so limit the article." 2023 WL 8881499, at *7 (quoting *KJC Corp v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1355 (Fed. Cir. 2000)). The Court discerns no such intent here. Thus, the term's plain and ordinary meaning applies;

4.  "wherein the specified density of the plurality of heating elements and a specified density of the plurality of heat insulating spacers are variable across the face of the hairbrush and the specified densities are related to maintain a specified distance between protruding ends of the plurality of heating elements and the user's scalp under at least one usage scenario" (claim 10) requires no construction. The claim's recitation of a relationship between the specified densities of the heating elements and spacers with respect to the specified distance from a user's scalp does not makes this term indefinite. The specification provides examples of varying density among the heating elements and spacers as well as corresponding distances that may be provided between

the heating elements/spacers and scalp to keep the scalp safe. "A POSA would understand the concept of keeping the scalp safe from too much heat and understand that varying density, space, and usage would all influence optimal combinations." *Trade Box*, 2023 WL 8881499, at *9. Thus, the term is not indefinite;

5. "at least some of the plurality of spacers are connected on top of corresponding heating elements" (claim 4) requires no construction. A POSA would understand this term with reference to the claim language and specification. Like the *Trade Box* court, however, the Court clarifies that, in the context of the spacers, "connected" is synonymous with "attached." *Trade Box*, 2023 WL 8881499, at *10. The Court agrees with Plaintiff, however, that both terms are broad enough to cover any type or kind of connection or attachment. [Docket No. 213 (Pls.' Opening Br.) at 19 n.3.];

6. "cross section" (claims 22, 23, 57, 58, 60, 63) requires no construction, as the Court has already found. [Docket No. 237 ("Markman Hr'g Tr.") at 108:8–12.] A POSA would both understand that cross sections of the heating elements can be cut across various planes. *See Trade Box*, 2023 WL 8881499, at *11 (same). The term is not indefinite.

Accordingly, and for good cause shown, it is finally:

**ORDERED** that the Clerk of Court **REOPEN** this matter.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
